Helen DUVALL, Individually and Mother/Guardian of Kevin Wayne Flaherty, Plaintiff,

v.

CABINET FOR HUMAN RESOURCES, et al., Defendants.

Civ. A. No. 95–9.

United States District Court, E.D. Kentucky, London Division.

March 27, 1996.

Fred R. Radolovich, Louisville, KY, for plaintiff Helen Duvall, Individually and Mother/Guardian of Kevin Wayne Flaherty.

E.D. Klatte, Timothy Alan Sturgill, Cabinet for Human Resources—Dept. of Law, Frankfort, KY, for defendants Human Resources Cabinet, Com. of Ky., Peggy Wallace, Dept. of Social Services, Dept. of Mental Health and Mental Retardation Services, Oakwood ICF/MR, Gerald Poppelwell, Cindy Wooten, Elaine Randolph, Elaine Wilson, Masten Childers II.

Byron E. Leet, Jean W. Bird, Wyatt, Tarrant & Combs, Louisville, KY, Bradley R. Hume, Boehl, Stopher & Graves, Louisville, KY, E.D. Klatte, Timothy Alan Sturgill, Cabinet for Human Resources—Dept. of Law, Frankfort, KY, for defendant Masten Childers, II.

John G. Prather, Jr., Somerset, KY, for defendants Elizabeth Wachtel, Paul R. Guffey, Elizabeth Wachtel.

Michael J. Cox, Boehl, Stopher & Graves, Lexington, KY, E.D. Klatte, Timothy Alan Sturgill, Cabinet for Human Resources— Dept. of Law, Frankfort, KY, for defendant Jacque Campbell.

Scott P. Whonsetler, Deirdre M. MacCarthy, Jacobson, Maynard, Tuschman & Kalur, Louisville, KY, for defendant Alberto Jayme.

E.D. Klatte, Timothy Alan Sturgill, Cabinet for Human Resources—Dept. of Law, Frankfort, KY, John G. Prather, Jr., Somerset, KY, for defendant Mel Mandrosa.

John R. Leathers, Buchanan Ingersoll Professional Corporation, Lexington, KY, for defendant P.D. Patel.

E.D. Klatte, Timothy Alan Sturgill, Cabinet for Human Resources—Dept. of Law, Frankfort, KY, Deirdre M. MacCarthy, Jacobson, Maynard, Tuschman & Kalur, Louisville, KY, for Unknown Defendants.

Jean W. Bird, Bryon Leet, Wyatt, Tarrant & Combs, Louisville, KY, Bradley R. Hume, Boehl, Stopher & Graves, Louisville, KY, for defendant Stephen L. Henry, Secretary of Cabinet for Human Resources.

## ORDER

COFFMAN, District Judge.

This matter is before the Court upon the motions of Dr. Elizabeth Wachtel and Paul Guffey, individually, to dismiss [Record No. 22]; Dr. Melanio Medroso, individually, to dismiss [Record No. 25]; Dr. P.D. Patel, individually and in his official capacity, to dismiss [Record No. 27]; Jacqueline Campbell, individually, to dismiss [Record No. 37]; Cabinet for Human Resources ("CHR")[1] to dismiss [Record No. 39]; Masten Childers II, in his official capacity as Secretary of CHR,[2] to dismiss [Record No. 39]; Peggy Wallace, individually and in her official capacity as

---

1. By Executive Order of the Governor of the Commonwealth of Kentucky, CHR was reorganized and abolished. CHR has become the Cabinet for Health Services and is replaced as a party defendant in the above-styled action.

2. Masten Childers, II, no long holds the office of Secretary of CHR. John H. Morse replaces Masten Childers, II, in his official capacity, as a party defendant in the instant action.

Commissioner of the Kentucky Department of Social Services ("DSS"), to dismiss [Record No. 39]; Kentucky Department of Mental Health and Mental Retardation ("MH/MR") to dismiss [Record No. 39]; Dr. Elizabeth Wachtel, in her official capacity as Commissioner of MH/MR, to dismiss [Record No. 39]; Oakwood ICF/MR ("Oakwood") to dismiss [Record No. 39]; Paul Guffey, in his official capacity as director of Oakwood, to dismiss [Record No. 39]; Jerald N. Poppelwell, individually and in his official capacity as unit director at Oakwood, to dismiss [Record No. 39]; Cindy Wooten, individually and in her official capacity as a licensed practical nurse ("LPN") at Oakwood, to dismiss [Record No. 39]; Elaine Randolph, individually and in her official capacity as an LPN at Oakwood, to dismiss [Record No. 39]; Jacqueline Campbell, in her official capacity as a registered nurse at Oakwood, to dismiss [Record No. 39]; Elaine Wilson, individually and in her official capacity as director of social work services at Oakwood, to dismiss [Record No. 39]; Dr. Alberto Jayme, in his official capacity as a physician at Oakwood [Record No. 39];[3] Masten Childers II, individually, to dismiss [Record No. 41]; Dr. Alberto Jayme, individually, to dismiss [Record No. 48]; CHR defendants for decision [Record No. 65]; renewed motion of CHR defendants for decision [Record No. 77]; Dr. Alberto Jayme, individually, for decision [Record No. 78]; Dr. P.D. Patel, individually and in his official capacity, for decision [Record No. 79]; second renewed motion of CHR defendants for decision [Record No. 92]; third renewed motion of CHR defendants for decision [Record No. 96]; and motion of the plaintiff for a pre-trial conference [Record No. 97]. For the reasons outlined below, the Court grants the motions to dismiss and motions for decision, and denies the motion for a pretrial conference.

## FACTUAL BACKGROUND

In the context of a motion to dismiss, the facts, as presented in the plaintiff's complaint, must be taken as true. Plaintiff, Helen Duvall ("Duvall"), adopts and incorporates by reference the following statement of facts, which was presented to the Court by the CHR defendants in the memorandum supporting their motion to dismiss.

Duvall brings this civil rights action for damages and injunctive relief as legal guardian for her adult son and ward, Kevin Wayne Flaherty. Specifically, Duvall, individually and as the mother/guardian of her son and ward, alleges that as a result of defendants' joint and/or several negligence and failure to comply with state law regarding her guardianship, both she and her son/ward have suffered mental and physical injury in violation of the Fifth, Eighth and Fourteenth Amendments. Duvall also alleges pendent state claims.

At all times relevant hereto defendants Childers, Wallace, Wachtel, Guffey, Poppelwell, Wooten, Randolph, Campbell, Wilson and Jayme were acting in their official capacities as officials and employees of the Commonwealth of Kentucky and by virtue of their position as such officials and employees.

Duvall's son/ward was born on June 13, 1961. He was voluntarily admitted to Oakwood, a state-owned and -operated facility for the mentally retarded, in September of 1976, and has been a voluntary resident at Oakwood since his admission.

By order of the Pulaski District Court, Duvall was appointed as limited guardian for her son pursuant to KRS Chapter 387. As stated in that order, entered on April 29, 1993, Duvall's powers and duties as guardian are limited to disposing of property, executing instruments, entering into contractual relationships, determining living arrangements, consenting to medical procedures, and any other powers necessary to provide for her ward's well-being.

## ANALYSIS

The defendants assert several grounds to support their motions to dismiss. These arguments include, but are not limited to, Eleventh Amendment immunity, qualified

---

**3.** The defendants referenced in connection with Record Number 39 are hereinafter referred to as the "CHR defendants."

immunity, statute of limitations and failure to state a claim. However, it is unnecessary to address any of these issues as one of the grounds asserted by the defendants disposes of all of the motions to dismiss. Several of the defendants correctly assert that Duvall has no constitutionally-based right of action against any of the defendants under 42 U.S.C. § 1983 because of her son/ward's status as a voluntarily committed mental patient.

■ When considering the question of qualified immunity in the context of a § 1983 action, the court should first ask whether the plaintiff has asserted a violation of a constitutional right at all. *Tony L., et al. v. Childers, et al.*, 71 F.3d 1182, 1184 (6th Cir.1995). If there is no constitutional right violated, then the question of whether the right is clearly established is irrelevant. *Tony L.*, at 1184. In fact, any other inquiry is unnecessary if the plaintiff has no constitutionally-based protected right sufficient to undergird a § 1983 cause of action.

■ When a state takes a person into its custody and holds him or her there against his or her will, the Constitution imposes upon the state a corresponding duty to assume some responsibility for his or her safety and general well-being. *DeShaney v. Winnebago Co. Dept. of Social Services*, 489 U.S. 189, 199–200, 109 S.Ct. 998, 1005–06, 103 L.Ed.2d 249 (1989). This general rule has been extended to include involuntarily committed mental patients. *Youngberg v. Romeo*, 457 U.S. 307, 314, 102 S.Ct. 2452, 2457, 73 L.Ed.2d 28 (1982).

In contrast to the constitutional protection afforded to individuals who are involuntarily committed to a state mental health facility, patients who have voluntarily placed themselves in such a facility are not afforded the substantive limits on state action set by the Eighth Amendment and the Due Process Clause. *DeShaney, supra; see also Monahan v. Dorchester Counseling Center, Inc.*, 961 F.2d 987, 990–91 (1st Cir.1992); *Fialkow-*

*ski v. Greenwich Home for Children, Inc.*, 921 F.2d 459, 465–6 (3d Cir.1990); and *Jordan v. Tennessee*, 738 F.Supp. 258, 260 (M.D.Tenn.1990).

Underlying the distinction between the involuntarily and voluntarily committed mental patient is the following rationale:

> The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf. In the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf—through incarceration, institutionalization, or some other similar restraint of personal liberty—which is the deprivation of liberty triggering the protection of the Due Process Clause, not its failure to act to protect his liberty interests against harms inflicted by other means.

*DeShaney*, at 200, 109 S.Ct. at 1005–06.[4]

The above-referenced cases clearly hold that when a person's stay at a state facility is voluntary there is no constitutional duty upon the state to assume any responsibility for the person's well-being or safety. Accordingly, the defendants herein have not breached any duty owed to Duvall's son/ward. Lacking a constitutional duty to be breached, Duvall's § 1983 claim must fail.

Within her response to the motions to dismiss, Duvall includes a motion to amend the complaint as follows:

> Plaintiff therefore moves to have the phrase 'deliberate indifference' substituted for negligence as being the proper standard of care and state of mind for the above named defendants (Commonwealth of Kentucky; Cabinet for Human Resources; Maston [sic] Childers, II, in his official capacity as Secretary of the Cabinet for Human Resources and in his individual capacity; Peggy Wallace, in her of-

---

**4.** Additionally, in an unpublished opinion citing *DeShaney*, the Sixth Circuit held that the district court correctly held, as a matter of law, that the plaintiffs had no constitutional cause of action against any of the defendants under 42 U.S.C. § 1983 because Mrs. Higgs was a voluntary patient at Western State Hospital. *Higgs v. Latham*, 946 F.2d 895, No. 91–5273, 1991 WL 216464 (6th Cir. Oct. 24, 1991).

ficial capacity as the Commissioner of Mental Health/Mental Retardation); Plaintiff further moves to substitute the standard of care of 'professional judgment' for negligence as to the remaining defendants.

Said motion is granted. However, even with that revision, the resolution of the motions to dismiss remains the same.

Accordingly, IT IS ORDERED that the defendants' motions to dismiss are GRANTED. The claims made under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE. The pendent state law claims are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that all motions for decision are GRANTED.

IT IS FURTHER ORDERED that the plaintiff's motion for a pre-trial conference is DENIED.

## JUDGMENT

In an Order of even date, the Court granted the defendants' motions to dismiss, with prejudice, the plaintiff's claims made under 42 U.S.C. § 1983. Accordingly, IT IS ORDERED that judgment is entered for the defendants on plaintiff's § 1983 claims. There being no just cause for delay, this is a FINAL and APPEALABLE order.